UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE L. BROWN,

    Applicant,

v.                                                         CASE NO. 8:21-cv-868-SDM-AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Brown applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for sexual battery and sexual battery by a person in familial or custodial authority, for which he was sentenced to twenty-five years' imprisonment. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 6-2) The application asserts a single ground for relief, which the respondent argues is untimely, procedurally defaulted, and meritless.

## I. BACKGROUND

Brown lived in Haines City, Florida, with his girlfriend and her twelve-year-old daughter, T.A. In the spring of 2014, T.A. visited a health clinic to obtain an abortion. The clinic notified law enforcement, which began to investigate. T.A. claimed in an interview that, while she was on vacation in Madison County, Florida, she had engaged in sexual intercourse with a fifteen-year-old boy. Law enforcement

was unable to confirm that T.A., her mother, or Brown had stayed at "any hotel" in Madison County "for the past several months." (Respondent's Exhibit 2 at 3)

In June 2014, the Florida Department of Law Enforcement ("FDLE") ran DNA from T.A.'s aborted fetus through CODIS, a national DNA database. The test uncovered a "possible inclusion" of Brown's DNA. (Respondent's Exhibit 16 at 26) The FDLE noted, however, that a "buccal swab sample" would be "required" before it could issue "a subsequent report . . . regarding the match." (Respondent's Exhibit 16 at 26)

Brown agreed to speak with law enforcement at his residence. Before the interview began, Brown asked a detective to hand him "his [*i.e.*, Brown's] pack of cigarettes." (Respondent's Exhibit 2 at 3) The detective "smelled a strong odor of cannabis coming from the pack." (Respondent's Exhibit 2 at 3) Brown admitted that the cigarettes belonged to him and contained marijuana. Law enforcement arrested Brown, read him his *Miranda* rights, and secured his consent to a "custodial interview." (Respondent's Exhibit 2 at 3) Brown admitted that he had sex with T.A. in the spring of 2014 and claimed that it was "pretty much consensual." (Respondent's Exhibit 23 at 37) During a subsequent interview with law enforcement, T.A. confirmed that she had engaged in sexual intercourse with Brown.

After he confessed, Brown was charged with two counts of sexual battery by a person in familial or custodial authority. In a separate case arising from the rape of his two biological daughters, Brown was charged with ten counts of sexual battery and ten counts of incest. In May 2015, he agreed to resolve both cases by pleading

*nolo contendere* to two counts of sexual battery and two counts of sexual battery by a person in familial or custodial authority.  The trial court sentenced him to twenty-five years' imprisonment.

Brown did not file a direct appeal.  Instead, two years after his convictions became final, he moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850.  Brown argued that newly discovered evidence entitled him to withdraw his plea.  He pointed to an August 2017 FDLE laboratory report identifying a CODIS "match" between the DNA of T.A.'s aborted fetus and DNA belonging to a man named Jonatan Cornejo-Rivera.[1]  (Respondent's Exhibit 16 at 31)

Following an evidentiary hearing, the state post-conviction court denied relief in a written order.  The court applied "the test promulgated in *Long v. State*, 183 So. 3d 342 (Fla. 2016)," which governs "situations where the defendant has entered a plea . . . but later raises a claim of newly discovered evidence."  (Respondent's Exhibit 24 at 2)  The court held that Brown failed to "demonstrate a reasonable probability that, but for the newly discovered evidence, [he] would not have pleaded guilty and would have insisted on going to trial."  (Respondent's Exhibit 24 at 2)  The court noted (1) that the August 2017 FDLE report did not "exonerate" Brown; it merely "indicate[d] that [he] did not father the fetus"; (2) that Brown admitted he had sex with T.A., who later corroborated his confession; and (3) that Brown faced

---

[1] The record does not disclose why FDLE conducted a second test of the DNA evidence.

"a total possible sentence of 62 years" and thus "substantially reduced his sentencing exposure" by pleading *nolo contendere*. (Respondent's Exhibit 24 at 2)  The state appellate court affirmed the decision without a written opinion.

## II.  EXHAUSTION AND PROCEDURAL BAR

The pending application asserts a single ground for relief — the state court violated Brown's federal right to due process and a fair trial by denying his request to withdraw the plea.  The respondent correctly contends (Doc. 6 at 10–11) that this ground is unexhausted and procedurally defaulted because Brown failed to alert the state courts to the federal nature of his claim.

"[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). An applicant must present to the federal court the same claim presented to the state court. *Picard*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "Mere similarity of claims is insufficient to exhaust." *Henry*, 513 U.S. at 366.

As *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), explains, an applicant must alert the state court that he is raising a federal claim and not just a state law claim:

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

"It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Consequently, "a petitioner with a claim that could arise under state or federal law must clearly indicate to the state courts that he intends to bring a federal claim." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 458 (11th Cir. 2015).

Brown failed to make the state courts aware that he intended to assert a federal claim. In his Rule 3.850 motion, Brown relied solely on Florida law to argue that newly discovered evidence entitled him to withdraw his plea. (Respondent's Exhibit 16 at 18–22) On appeal from the denial of his Rule 3.850 motion, Brown did not contend that the rejection of his request to withdraw the plea violated any federal right. Nor did he cite any provision of the federal constitution. Instead, Brown maintained that he was entitled to withdraw his plea under Florida law. (Respondent's Exhibit 27 at 2–10) Consequently, Brown did not "fairly present" his federal claim to the state courts.[2] *See Baldwin*, 541 U.S. at 27; *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352 (11th Cir. 2012) ("In other words, 'to exhaust state

---

[2] In his initial brief on appeal, Brown cited two federal cases — *Crawford v. Washington*, 541 U.S. 36 (2004), and *Davis v. Washington*, 547 U.S. 813 (2006). *Crawford* and *Davis* concerned the scope of the Sixth Amendment's Confrontation Clause. Therefore, Brown's citation of those cases did not indicate to the state appellate court that he intended to raise a federal constitutional claim based on the voluntariness of his plea.

remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'") (quoting *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007)).

The sole ground in the application is therefore barred from federal review absent a showing of "actual cause and prejudice" or "manifest injustice." *Coleman v. Thompson*, 501 U.S. 72, 29–30 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The basis for "cause" must ordinarily reside in something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the applicant must establish "not merely that the errors . . . created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting [the] entire [proceeding] with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A fundamental miscarriage of justice occurs only if a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *House v. Bell*, 547 U.S. 518, 536–37 (2006). A petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536–37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Brown fails to demonstrate cause and prejudice to excuse the procedural default. Also, he cannot satisfy the "fundamental miscarriage of justice" exception because the newly discovered DNA evidence does not establish that he is actually innocent. The 2017 FDLE report disclosed that someone other than Brown may

have been the father of T.A.'s aborted fetus. However, Brown was not charged with impregnating a minor. *See* Fla. Stat. § 827.04(3) ("A person 21 years of age or older who impregnates a child under 16 years of age commits an act of child abuse which constitutes a felony of the third degree. . . ."). Instead, he was charged with sexual battery by a person in familial or custodial authority. Even without the DNA results, substantial evidence pointed to Brown's guilt of the charged offense. Brown admitted to having sexual intercourse with T.A., his girlfriend's twelve-year-old daughter. T.A. later confirmed that Brown had sex with her. Consequently, Brown cannot show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

Brown fails to establish either cause and prejudice or a fundamental miscarriage of justice. Therefore, the sole ground for relief in the application is procedurally barred from federal review.[3]

### III. CONCLUSION

Brown's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Brown and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Brown fails to demonstrate either a substantial showing of the denial of a constitutional right or that reasonable jurists would debate both the merits of the

---

[3] Because the ground is procedurally defaulted, the timeliness of the application is not addressed. *See Jeter v. Sec'y, Fla. Dep't of Corr.*, 479 F. App'x 286, 288 n.2 (11th Cir. 2012) ("Because we affirm the dismissal of the petition on the grounds of procedural default, we do not address the timeliness issue.").

ground and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Brown must obtain permission from the court of appeals to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on January 16, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE